UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

.                                                                                     CIVIL ACTION No. 05-10260 GAO

|  |  |
|---|---|
| CARE REALTY FUNDING, LLC AND<br>265 ESSEX STREET, LLC | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | )<br>) |
| JOHN G. ALBERT | )<br>) |
| Defendant | )<br>) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR PRELIMINARY INJUNCTION**

In this action, Plaintiffs, Care Realty Funding, LLC ("Funding") and 265 Essex Street, LLC (the "Landlord"), seek to recover sums due under a promissory note made by Essex North Health System, LLC ("Essex") and guaranteed by defendant John G. Albert ("Albert") and to recover rent due under a lease between the Landlord and Essex and guaranteed by Albert. Essex has defaulted on its obligations under the promissory note and lease. As guarantor, Albert is indebted to Funding and the Landlord, and is liable to Funding and the Landlord, for all amounts for which Essex is liable to Plaintiffs.

Plaintiffs are virtually assured of succeeding on the merits of their claims, and are entitled to the relief sought in the Verified Complaint.[1] Albert will not have the financial capability to satisfy a judgment entered in Plaintiffs' favor. Absent injunctive relief, there is a substantial likelihood that Plaintiffs' legal remedies will be rendered meaningless and

---

[1] A copy of the Plaintiffs' Verified Complaint filed in the Superior Court of Essex County is attached as Exhibit A to Defendant's Notice of Removal.

Plaintiffs will have little or no chance of collection from Albert. As grounds for this motion , Plaintiffs state:

    1.    Funding holds a promissory note (the "Note") made by Essex North Health System, LLC ("Essex") and in favor of Funding. Albert and Diane M. Barry[2] ("Barry") executed a Working Capital Loan Guaranty ("Loan Guaranty") under which Albert and Barry jointly and severally, absolutely, unconditionally and irrevocably guaranteed, as principals, the full and timely performance of all Essex's obligations under the Note.[3] Essex has defaulted on its obligations under the Note. Funding notified Essex and Albert that an Event of Default had occurred under the Note and Loan and Security Agreement (the "Agreement") by reason of Essex's failure to make payment of principal, interest, fees, expenses or amounts due Funding under the Agreement and the Note when the same became due and payable and provided Essex thirty (30) days to cure the default. Essex has failed to respond to Funding's Notice and the demand for payment under the Note. As principal of Essex and guarantor pursuant to the Loan Guaranty, Albert is clearly aware of Essex's default under the Note and his obligations as guarantor to fully and timely perform all obligations of Essex under the Note. As guarantor, Albert is indebted to Funding, and is liable to Funding, for all amounts for which Essex is liable to Funding. Albert is currently liable to Funding in the amount of $519,027.00 under the Note and Loan Guaranty.

    2.    Essex entered into a lease with the Landlord for the building known as 265 Essex Street, Beverly, Masssachusetts. Subsequent to the execution of the initial lease, Essex and the Landlord entered into a First Amendment to the lease (collectively, the

---

[2] Upon information and belief, Barry is deceased.
[3] Plaintiffs understand that Barry is deceased.

"Beverly Nursing Home Lease"). Albert and Barry executed a Guaranty (the "Lease Guaranty") pursuant to which Albert and Barry jointly and severally, each absolutely, unconditionally and irrevocably guaranteed, as principals, the full and timely performance of all of Essex's obligations under the Beverly Nursing Home Lease up to a maximum of three times the current monthly Base Rent as defined in the Beverly Nursing Home Lease and the $400,000 Working Capital Shortfall as defined in the Beverly Nursing Home Lease. Essex is in default of its obligations to the Landlord under the Beverly Nursing Home Lease. Among other things, Essex has failed to make payments due on numerous dates. The Landlord notified Essex and Albert that a Lease Default had occurred under the Beverly Nursing Home Lease by reason of Essex's failure to pay rent and provided Essex thirty (30) days to cure the default. Essex has failed to respond to the Landlord's notice and the demand for payment under the Beverly Nursing Home Lease. As principal of Essex and guarantor pursuant to the Lease Guaranty, Albert is clearly aware of Essex's default under the Beverly Nursing Home Lease and his obligations as guarantor to fully and timely perform all obligations of Essex under the Beverly Nursing Home Lease. As guarantor, Albert is liable to funding for all amounts owed by Essex. Albert is currently liable to the Landlord in the amount of $644,000.00 under the Lease Guaranty.

      3.     Application of the four-part preliminary injunction standard demands that injunctive relief is granted. In considering a motion for preliminary injunction, a district court must assess the following factors: (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the

hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.  *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 15 (1st Cir. 1996).

        4.      In this instance, Funding and the Landlord are suing on absolute, unconditional and irrevocable guaranties, under which Albert, as principal, agreed to guarantee the full and timely performance of all of Essex's obligations under Note and the Beverly Nursing Home Lease.  There is no real dispute about the likelihood of Funding's and the Landlord's success on the merits.  Indeed, suits such as this are likely to be successful and are especially appropriate for pretrial disposition because of the rather clear liability issues involved.  *See, e.g., Federal Financial Co. v. Savage*, 431 Mass. 814, (2000)(summary judgment against guarantor of note); *The First National Bank of Boston v. Slade*, 379 Mass. 243 (1979)(same).  Thus, Plaintiffs are likely to succeed on the merits of their claims and the only real issue is how to preserve whatever assets Albert has until judgment is entered for Plaintiffs.

        5.      Absent a preliminary injunction, Plaintiffs will not be able to satisfy the judgment Plaintiffs will obtain, and Plaintiffs' legal remedies will be rendered meaningless with no chance of collection from Albert.  Thus, absent injunctive relief, Plaintiffs will suffer irreparable harm.  A preliminary injunction designed to freeze the status quo and protect the damages remedy is an appropriate form of relief when it can be shown that the defendant will not be able to satisfy the judgment.  *Teradyne, Inc. v. Mostek Corporation*, 797 F.2d 43 (1st Cir. 1986).

        6.      As principal of Essex and as guarantor pursuant to the Loan Guaranty and Lease Guaranty, Albert is clearly aware of Essex's defaults under the Note and the

Beverly Nursing Home Lease and his obligations as guarantor to fully and timely perform all obligations of Essex under the Note and the Beverly Nursing Home Lease. The failure of Albert to make timely payments on the Note and the Beverly Nursing Home Lease, especially after being provided with notice of default, constitutes strong evidence that Albert is unable or unwilling to meet their obligations. Furthermore, injunctive relief is required to prevent Albert from dissipating assets. Upon information and belief, on November 1, 2002, just prior to executing the Loan Guaranty, Albert caused the ownership of his home at 23 Hawthorne Road, Windham, New Hampshire to be transferred, from John G. Albert and Cheryl A. Albert as joint tenants to Cheryl A. Albert, individually. A copy of the Warranty Deed is attached hereto as Exhibit A.

7. Upon information and belief, absent injunctive relief, Albert may engage in additional asset transfers and thus will not have the financial capacity to satisfy a judgment by the time judgment enters in the Plaintiffs' favor.

8. Further, a balance of the hardships tips in favor of Plaintiffs.

9. In further support of this motion, Plaintiffs refer the Court to the Verified Complaint filed herewith.

WHEREFORE, Plaintiffs ask that this Court issue a Preliminary Injunction:

    a. Enjoining John G. Albert, and his agents, servants, employees, and attorneys, and anyone in active concert or participation with them from conveying, transferring, disbursing, concealing, encumbering, diminishing, devaluing, or dissipating any assets, real, personal or mixed, which he, she, it or they, jointly or severally, directly or indirectly, own(s) or control(s) or in which he, she, it or they have any

beneficial interest, up to the value of $1,183,027.00, excluding however, only such assets which are reasonably necessary for the daily living expenses of John G. Albert.

        Respectfully submitted,

        CARE REALTY FUNDING, LLC,
        265 ESSEX STREET, LLC
        By their attorneys,

        /s/Mark M. Mulligan
        _____
        Melvin Hoffman (BBO#237120)
        Charles P. Kindregan (BBO#554947)
        Mark M. Mulligan (BBO#559431)
        Looney & Grossman LLP
        101 Arch Street
        Boston, MA  02110
        (617) 951-2800

Dated: February 15, 2005

FROM : CLEVELAND WATERS

BK 3875 PG 1531

098410

2002 NOV -1 PM 2:01

ROCKINGHAM COUNTY
REGISTRY OF DEEDS

# WARRANTY DEED

We, JOHN G. ALBERT and CHERYL A. ALBERT, husband and wife, both of 23 Hawthorne Road, Windham, Rockingham County, New Hampshire 03087, as joint tenants with rights of survivorship, for consideration paid, grant to CHERYL A. ALBERT, of 23 Hawthorne Road, Windham, Rockingham County, New Hampshire 03087,

with WARRANTY COVENANTS,

A certain tract of land with the buildings thereon situated in Windham, Rockingham County, New Hampshire, bounded and described as follows:

The land in Windham, New Hampshire being Lot No. 246 on Hawthorne Road, as shown on Plan No. D-14502 as Lot 5-A-246.

Meaning and intending to convey the same premises conveyed to the Grantors herein by Warranty Deed of Paul R. McCann, Treasurer of TBL Inc., dated April 23, 1986, and recorded in the Rockingham County Registry of Deeds, Book 2597, Page 2764.

The Grantors hereby release all rights of homestead and other interests therein.

This is a noncontractual transfer which is exempt from transfer tax pursuant to New Hampshire RSA 78-B:2, IX.

This deed was prepared from information supplied by the Grantors herein, and no independent title examination has been conducted.

Witness my hand this 1st day of November, 2002.

_____
John G. Albert

_____
Cheryl A. Albert

FROM : CLEVELAND WATERS

BK 3875 PG 1532

STATE OF NEW HAMPSHIRE
COUNTY OF Rockingham

The foregoing instrument was acknowledged before me this 1st day of November, 2002, by John Albert and Cheryl A. Albert.

Notary Public
My commission expires:

LINDA BETTEZ LANK, Notary Public
My Commission Expires April 17, 2007